IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI

IN THE MATTER OF:                                              CHAPTER 13 CASE NO.

SAMUEL M. BROTHERS and LORA BROTHERS                           10-10518-NPO

LOCKE D. BARKLEY, Chapter 13 Trustee                           PLAINTIFF

VS.                                                            A. P. NO. 11-1006-NPO

TRUSTMARK NATIONAL BANK;
BAC HOME LOANS SERVICING, L.P.,
Individually and as Servicer for THE BANK
OF NEW YORK MELLON TRUST COMPANY, N.A.,
AS TRUSTEE FOR CERTIFICATEHOLDERS
OF CWMBS 2005-R1;  THE BANK OF NEW YORK MELLON
TRUST COMPANY, N.A., individually and as Trustee for
CERTIFICATEHOLDERS OF CWMBS 2005-R1;
and UNKNOWN DEFENDANTS 1 through 10.                           DEFENDANTS

MEMORANDUM BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff, Locke D. Barkley, chapter 13 trustee, respectfully submits this memorandum brief in support of Plaintiff's Motion for Partial Summary Judgment pursuant to Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056, and Miss. Bankr. L. R. 7056-1, and requests partial summary judgment as to Count I of the amended complaint, Determination of Secured Status.

BACKGROUND AND SUMMARY OF ARGUMENT

The action presented to this Court in the Plaintiff's amended complaint includes four (4) counts, chief among those being the request that this Court determine the secured status of the lien of Defendants, BAC Home Loans Servicing, L.P, Individually and as Servicer for The Bank of New York Mellon Trust Company, N.A., as Trustee for

1

Certificateholders of CWMBS-2005 R1 (hereinafter "BAC") and The Bank of New York Mellon Trust Company, N.A., as Trustee for Certificateholders of CWMBS-2005 R1 (hereinafter "BONY")[1] and void the Defendants' lien upon the property of the debtors and bankruptcy estate.

This action was instituted pursuant to 11 U.S.C. § 506(d)[2] to have the lien of the Defendants declared void. Section 506(d) states: "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless – (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title."

On August 18, 2010, the Court conducted a hearing in the underlying bankruptcy case on Trustee's Objection and Amended Objection to Proof of Claim (Dkt. # 20, 31)[3] of BAC. Following consideration of the evidence, testimony of witnesses and argument of counsel, Honorable Neil P. Olack ruled from the bench finding that the claim of Defendants was disallowed as a secured claim. An order (Dkt. # 49) consistent with the Court's ruling was entered herein on August 31, 2010.

The disallowance of the secured claim is not subject to either of the exceptions stated in section 506(d). Therefore, section 506(d) dictates that the lien of Defendants is

---

[1] Collectively BAC and BONY shall be referred to as the Defendants. Named defendant Trustmark National Bank was dismissed from this adversary proceeding on April 1, 2011, by Stipulation of Dismissal of Trustmark National Bank.
[2] All section references are to Title 11 of the United States Code.
[3] All docket and claim references are to the docket and claims register of the underlying bankruptcy case no. 10-10518-NPO, unless otherwise noted.

2

void. It is that determination which the Trustee seeks in this motion for partial summary judgment.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Debtors filed a chapter 13 petition on February 3, 2010. Related schedules and a proposed plan were filed on February 15, 2010. (Dkt. # 1, 9 & 12)

2. On April 5, 2010, BAC caused to be filed a *Proof of Claim* in the bankruptcy case. (Clm. #9-1)

3. Said proof of claim identified the creditor as BAC Home Loans Servicing, L.P. as servicer for The Bank of New York Mellon, N.A., and was signed by bankruptcy counsel for BAC. (Clm. #9-1)

4. On April 19, 2010, Trustee filed an *Objection to Proof of Claim* of BAC. (Dkt. #20)

5. A hearing was scheduled for June 23, 2010; however, on the *ore tenus* motion of counsel for BAC, it was continued and rescheduled for August 18, 2010. (Dkt. entry dated June 23, 2010)

6. BAC, by and through its attorneys of record, filed an *Amended Proof of Claim* herein on August 2, 2010. (Clm. #9-2)

7. Based upon the *Amended Proof of Claim* and its attachments, Trustee filed an *Amended Objection to Proof of Claim* alleging, among other things, that BAC lacked standing as a secured creditor to file its claim in the bankruptcy case. (Dkt. #31, Amended Objection, ¶ 2)

8. BAC filed its *Response to Amended Trustee's Objection to Proof of Claim*. In its response BAC did not deny the allegations made by the Trustee in the *Amended Objection to Proof of Claim*. (Dkt. #36, Response, ¶ 2)

9. On August 18, 2010, a hearing was held by the Court wherein the Trustee presented the objection and amended objection to the proofs of claim. (Dkt. entry August 18, 2010)

10. After consideration of all matters properly presented, the Court ruled that BAC failed to offer evidence that the trust CWMBS 2005-R1 held both the Note and the Deed of Trust and, therefore, it was not a creditor of the debtors. (Dkt. Entry dated August 18, 2010, Dkt. #49)

11. An Order re: Objection to Claim of Bank of America (Dkt. #20) was entered by the court disallowing the subject claim (Dkt. #49).

## ARGUMENT

I. STANDARD FOR GRANTING SUMMARY JUDGMENT

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Uniform Miss. Bankr. L.R. 7056-1. The court must examine each issue in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Phillips v. OKC Corp.*, 812 F.2d 265 (5th Cir. 1987); *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D. Miss. 1987). The moving party must demonstrate to the court the

4

basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. *Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Leonard v. Dixie Well Service & Supply, Inc.,* 828 F.2d 291 (5th Cir.1987). *Putman v. Insurance Co. of North America,* 673 F.Supp. 171 (N.D.Miss.1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." *Phillips,* 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." *Phillips,* 812 F.2d at 272.

    II.      DEFENDANTS' LIEN IS VOID PURSUANT TO SECTION 506(d)

The undisputed material facts stated above set forth the clear chain of events which lead to a determination that the lien of the Defendants is void. A claim was filed by counsel for the Defendants. The trustee objected to the claim and, following amendments of both the claim and objection, a hearing was held before the Honorable Neil P. Olack. Following such hearing, which included the presentation of testimony and documents, the Court found that the Defendants were not secured creditors of the debtors and disallowed the claim.

Section 506(d) states, quite simply, that "[t]o the extent that a lien secured a claim against the debtor that is not an allowed secured claim, such lien is void, unless – (1) such claim was disallowed only under section 502(b)(5)[4] or 502(e)[5] of this title; or (2)

---

[4] Section 502(b)(5) states that the court shall allow a claim expect to the extent that "such claim is for a debt that is unmatured on the date of the filing of the petition and that is excepted from discharge under section 523(a)(5) [a domestic support obligation] of this title." This section is inapplicable to the claim of Defendants.

such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title."

In statutory interpretation, it is the plain reading of the statute that is preferred. "Therefore, '[a]s in any case of statutory interpretation, we look to the plain language of the statute, reading it as a whole and mindful of the linguistic choices made by Congress.' … This Circuit has also noted that when a plain reading of a statute precludes one party's interpretation, 'no legislative history-be it ever so favorable-can redeem it.'" *In re Universal Seismic Assoc.*, 288 F.3d 205, 207 (5th Cir. 2002) (internal citations omitted). *See also United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 243 (1999) ("[t]he plain meaning of legislation should be conclusion, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of the drafters.'").

A plain reading of the statute instructs us that if a secured claim is not allowed (i.e. has been disallowed through the claims objection process) then the lien which secured that claim is void unless one of the stated exceptions apply. The exceptions provided for in section 506(d) are applicable if (1) the claim was disallowed *only* under two specific sections of the Bankruptcy Code, neither of which are applicable, or (2) the claim was not allowed because a proof of claim was not filed. Neither of those exceptions applied to the disallowance of the Defendants' claim.

---

[5] Section 502(e) addresses a "claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor…." This section is inapplicable to the claim of Defendants.

6

The Defendants will likely argue that the application of section 506(d) as requested by the Plaintiff is harsh and absurd. Such an argument is without merit.

The opinion of *In re Tanner*, 14 B.R. 933 (Bankr. W.D. Penn. 1981), addressed the applicability of section 506(d) to the mortgage lien. In its comments on the issue the court stated, "[t]he Debtor relies on the plain language of subsection (d) as sufficient support for the right to avoid a mortgage. The Defendant argues that Congress did not intend real property mortgages to be voidable and that 'lien' as used in Section 506(d) does not refer to a lien of a mortgage on real property." *Id.*, at 935. Facing these arguments the court continued, stating:

> The initial focus point for determining the intended meaning of Section 506(d) is its plain language. Congress used the word "lien" without qualification which indicates an intention the definition provided in Section 101(28)[6] is applicable. Lien is defined as follows: (a) charge against or interest in property to secure payment of a debtor or performance of an obligation.

*Id.* The Tanner court went on to further clarify, through the analyses of the language contained within other statutes, that the word "lien" clearly encompassed a mortgage which was, therefore, subject to 506(d). *Id.* Summarizing its discussion, the court stated, "On the basis of the plain meaning of the language of Section 506 and elsewhere in the Code, the legislative history of subsection (d), and the fresh start policy of the Code, the only reasonable conclusion is that Congress intended Section 506(d) to authorize the avoidance of a real property mortgage." Although *Tanner* has received

---

[6] Although the definition of "lien" now appears in section 101(37) it remains the same.

some negative treatment over the years, its explanation of the statutory construction of section 506(d) remains persuasive.

> The legislative history of section 506(d) includes the following comment:
>
> Subsection (d) permits liens to pass through the bankruptcy case unaffected. However, if a party in interest requests the court to determine and allow or disallow the claim secured by the lien under section 502 and the claim is not allowed, then the lien is void to the extent that the claim is not allowed. *See* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 357 (1977); U.S.Code Cong. & Admin.News 1978, pp. 5787, 6313. *See also Collier on Bankruptcy* ¶ 506.07 at 506–61 (15th Ed.1985).

*In re O'Leary*, 75 B.R. 881 (Bankr. D. Ore. 1987).

While a majority of the reported decisions regarding 506(d) address the debtor avoiding or "stripping off" a junior mortgage lien when the value of the property would not secure the claim, the issue presented by the Plaintiff is not novel. On January 21, 2011, the United States Bankruptcy Court for the District of Oregon issued its opinion *In re Monk*, 2011 WL 212831, where it found, in a case where a claim was filed and subsequently disallowed, that the application of 506(d) resulted in the mortgage lien being void. "Because [creditor's] claim was 'disallowed,' it was not an 'allowed secured claim,' and the related lien was void pursuant to § 506(d). Defendant's claim was not of the type described in § 506(d)(1), and its claim was disallowed for reasons other than its failure to file a proof of claim. Thus, when the discharge order was entered in Debtor's case, Defendant held a 'disallowed' claim and a void lien." *Id.*, at *4.

In the *Monk* case the adversary proceeding to determine the secured status of the creditor was not brought until after the discharge of the debtor and conclusion of the

8

bankruptcy case. Prior to the discharge, the *Monk* trustee filed an objection to the proof of claim on the basis that it did not include a copy of the security agreement or proof of a perfected security interest. No response was made and an order was entered disallowing the claim. The case was reopened and the adversary proceeding filed to stop a post-discharge foreclosure. *Id.*, at *1. The result, as stated above, was a disallowed claim and a void lien. *Id.*, at *4.

### III.  CONCLUSION

The case and the Plaintiff's request for partial summary judgment present a simple, straight forward issue. The Defendants filed a proof of claim pursuant to section 501 asserting a claim secured by a valid lien upon the debtors' real property. Plaintiff objected to the claim pursuant to section 502 and following a hearing on the matter, an order was entered disallowing the claim of Defendants. Pursuant to section 506(d) the lien of Defendants is now void.

Plaintiff requests that the motion for partial summary judgment be sustained and an order entered declaring the lien of Defendants upon the subject property void.

Dated:     August 1, 2011

                                       Respectfully submitted,

                                       /s/ W. Jeffrey Collier
                                       ATTORNEY FOR TRUSTEE
                                       W. Jeffrey Collier (MSB 10645)
                                       Post Office Box 55829
                                       Jackson, Miss.  39296
                                       (601) 355-6661
                                       ssmith@barkley13.com

             W. Lawrence Deas, Esq.
             Deas & Deas, LLC
             219 North Church Street
             Post Office Box 7282
             Tupelo, MS  38804
             Telephone: (662) 842-4546

## **CERTIFICATE OF SERVICE**

   I, W. Jeffrey Collier, Attorney for Trustee, do hereby certify that I have served the foregoing document by United States Postal Service, first class, postage prepaid and electronic mail, to the following attorneys of record and/or parties of interest:

H. Hunter Twiford, III, Esq.
Stephen T. Masley, Esq.
McGlinchey Stafford, PLLC
Post Office Box 22949
Jackson, Mississippi  39225-2949
htwiford@mglinchey.com
smasley@mcglinchey.com


   Dated:  August 1, 2011

             /s/ W. Jeffrey Collier
             W. JEFFREY COLLIER