IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **IN THE MATTER OF:** | **CHAPTER 13 NO.:** |
| **SAMUEL M. BROTHERS and LORA BROTHERS** | **10-10518-NPO** |
| | |
| **LOCKE D. BARKLEY, Chapter 13 Trustee** | **PLAINTIFF** |
| VS. | **A. P. NO. 11-01006-NPO** |
| **TRUSTMARK NATIONAL BANK;** **BAC HOME LOANS SERVICING, L.P.,** Individually and as Servicer for **THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE FOR CERTIFICATEHOLDERS OF CWMBS 2005-R1; THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.,** Individually and as Trustee for **CERTIFICATEHOLDERS OF CWMBS 2005-R1;** and **UNKNOWN DEFENDANTS 1 through 10** | **DEFENDANTS** |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF RESPONSE IN OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT**

COME NOW the Defendants, BANK OF AMERICA, N.A., as Successor by Merger to BAC Home Loans Servicing, LP, ("BANA"), THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., as Trustee for Certificateholders of CWMBS 2005-R1 ("BNY Trustee"), and THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. ("BNY") (collectively, the "Defendants"), and file this, their *Memorandum in Support of Response in Opposition to Motion for Partial Summary Judgment*, and, in support thereof, would show unto the Court the following, to wit:

## INTRODUCTION

The Plaintiff, Chapter 13 Trustee, Locke D. Barkley (the "Trustee"), filed her *Motion for Partial Summary Judgment* [ADV Docket No. 51] and *Memorandum Brief in Support* thereof [ADV Docket No. 52] (collectively, the "Motion for Partial Summary Judgment"), seeking a determination and order declaring BANA's lien on the Debtors' real property void. The Motion for Partial Summary Judgment centers solely around the disallowance of BANA's claim in the underlying bankruptcy, and her theory that any lien on which there is a disallowed claim is automatically void pursuant to § 506(d).

The Trustee's Motion for Partial Summary Judgment should be denied for multiple reasons. First, this Court lacks jurisdiction to decide this issue. BANA's claim has been disallowed, and the Debtors have exempted the subject property from the bankruptcy estate, so the bankruptcy estate will not be affected by the outcome of these proceedings. If the lien of the Deed of Trust is upheld, it will survive the bankruptcy. If the lien of the Deed of Trust is declared void, the Debtors will take the subject property free of the Defendants' lien, even though it is unquestionably a first mortgage lien on the Property of the Debtors. In either event, there is no effect on the bankruptcy estate. Accordingly, this Court lacks jurisdiction to decide this matter.

Second, BANA's claim was disallowed based solely and expressly on its failure to provide sufficient documents and evidence at the previous hearing to prove standing to support its claim. *See* BK Docket No. 49. Based on a recent decision of the United States Bankruptcy Court for the Eastern District of Texas and a well-respected secondary source on Chapter 13 bankruptcy practice and procedure, the failure to provide sufficient evidence to support a secured

claim is, in and of itself, not a valid ground to disallow a claim. *See In re Davis*, 2011 WL 1302222 (Bankr. E.D. Tex. March 31, 2011); *see also* Hon. W. Homer Drake, et al., Chapter 13 Practice & Procedure, § 8:3. Both of these authorities, taking the analysis one step further, opine that if a court were to disallow a claim based solely on a creditor's failure to provide sufficient evidence, the consequence would be, effectively, that the secured creditor had not filed a secured claim, and the lien of the mortgage would survive the bankruptcy proceeding. *See id*.

Third, BNY Trustee, acting through BANA, its loan servicer under the Pooling and Servicing Agreement discussed below, has standing as a secured creditor in this matter. BANA has provided sufficient documents and evidence to the Trustee to fully and completely support its secured claim. As a result, to declare a valid lien void for no other reason than a failure to provide sufficient documentation at a hearing on an claim objection goes against the established principles of equity and justice under Mississippi law. This is particularly true in this case, where the Debtors have minimal knowledge of the actions of the Trustee in bringing her adversary proceeding against the Defendants, including the Debtors' ignorance of the fact that BANA was no longer being paid under the Debtors' confirmed plan, and the potentially disastrous consequences to the Debtors if the Trustee is unsuccessful in her attempt to set aside the lien of the Deed of Trust here.

## **PROCEDURAL HISTORY**

On February 3, 2010, the Debtors, Samuel Brothers and Lora Brothers (the "Brothers" or "Debtors"), filed their Chapter 13 Voluntary Petition [BK Docket No. 1] in the underlying bankruptcy case pending in the United States Bankruptcy Court for the Northern District of Mississippi, Cause No. 10-10518-NPO (the "Bankruptcy Case"). On February 15, 2010, the Debtors file their sworn bankruptcy schedules in which "BAC Home Loans Servici" (sic) is

listed as a secured creditor, with a first mortgage lien on the Debtors' residential property located at 668 West MCorkle Circle, Greenwood, MS 38703 (the "Property"). *See* BK Docket No. 9. The Debtors filed their proposed Chapter 13 Plan (the "Proposed Plan") the same day, listing "Bank of America" as the secured mortgage creditor. *See* BK Docket No. 12.

On April 5, 2010, BANA filed its first proof of claim (the "First Proof of Claim") in the Bankruptcy Case. *See* BK Claims Register, Claim No. 9-1. On April 19, 2010, the Trustee filed her objection (the "First Objection") to BANA's First Proof of Claim. *See* BK Docket No. 20. The First Objection essentially challenged and demanded strict proof as to the amount of arrears shown on the First Proof of Claim. *Id.* BANA filed a response to the First Objection on June 10, 2010. *See* BK Docket No. 29.

On June 30, 2010, the Trustee filed her second objection (the "Second Objection") [BK Docket No. 31] to BANA's First Proof of Claim, in which she raised issues as to BANA's standing as a secured creditor in the Bankruptcy Case. BANA filed a response [BK Docket No. 36] to the Second Objection on July 12, 2010.

On August 2, 2010, BANA filed an amended proof of claim (the "Second Proof of Claim") in the Bankruptcy Case. *See* BK Claims Register, Claim No. 9-2.

A hearing was held on August 18, 2010 on the Trustee's Second Objection. *See* BK Docket Entry dated August 18, 2010. Upon information and belief, United States Bankruptcy Judge Neil P. Olack ruled from the bench, disallowing BANA's Second Proof of Claim based on its failure to provide sufficient evidence and documents at the hearing to prove standing to support its claim.

On August 31, 2010, Judge Olack entered his Order (the "August 31 Order") [Docket No. 49] sustaining the Trustee's Second Objection, in which he disallowed the Second Proof of

Claim, and expressly held that BNY Trustee is the holder of the subject deed of trust, and that the Defendants failed to submit sufficient evidence as to their status as the holder of the subject note.

On January 7, 2011, the Trustee instituted this proceeding by filing her Adversary Complaint [BK Docket No. 63; ADV Docket No. 1]. On January 16, 2011, the Trustee filed her Amended Adversary Complaint (the "Amended Complaint") [BK Docket No. 64; ADV Docket No. 6]. The Amended Complaint seeks a judgment declaring the Defendants' lien on the Property void, as well as damages for alleged violations of the automatic stay and alleged fraud on the Court. *See* Amended Complaint.

## **CHAIN OF TITLE**

On October 31, 2000, the Debtors executed and delivered a promissory note (the "Note") to Realty Mortgage Corporation ("Realty Mortgage") in the principal amount of $68,405, plus interest. *See* Exhibit A. The Debtors also executed a deed of trust (the "Deed of Trust") to Realty Mortgage as the beneficiary and secured party, likewise dated October 31, 2000, securing the Note by virtue of a first mortgage lien on the Property. *See* Exhibit B. The Deed of Trust was recorded in the land records of Washington County, Mississippi at Book 2155, Page 199. *Id*.

On that same day, Realty Mortgage executed an Assignment of Deed of Trust (the "Realty/Trustmark Assignment") assigning the subject Deed of Trust from Realty Mortgage to Trustmark National Bank ("Trustmark"). *See* Exhibit C. The Realty/Trustmark Assignment was recorded in the land records of Washington County, Mississippi at Book 2155, Page 300. *Id*. In conjunction with the Realty/Trustmark Assignment, an indorsement was executed by Realty Mortgage on the face of the Note, assigning the Note from Realty Mortgage to Trustmark. *See* Exhibit A.

Subsequently, the Brothers loan was sold as part of a pool by Trustmark to Countrywide Home Loans, Inc. ("CHL"), and on February 28, 2005, an Assignment of Deed of Trust (the "First Trustmark/CHL Assignment") was executed by Trustmark, assigning the Deed of Trust to CHL.  *See* Exhibit D.  Upon reviewing the subject loan file, it became apparent that the First Trustmark/CHL Assignment was never recorded, and the original could not be located.  In an effort to clear up the record chain of title, a new (corrected) Corporate Assignment of Deed of Trust (the "Second Trustmark/CHL Assignment") was executed by Trustmark on June 20, 2011, assigning the Deed of Trust to CHL.  *See* Exhibit E.  The Second Trustmark/CHL Assignment was filed for record on July 18, 2011 at 3:02 p.m. and is recorded in the land records of Washington County, Mississippi in Book 2526 at Page 8391.  *Id.*

In conjunction with the First Trustmark/CHL Assignment, an indorsement was executed on the face of the Note reflecting the assignment of the Note from Trustmark to CHL.  *See* Exhibit A.  An additional indorsement was placed on the face of the Note assigning the Note from CHL to blank.  *See id.*

On March 1, 2005, a Pooling and Servicing Agreement (the "PSA") was entered into by and among CWMBS, Inc. as "Depositor", CHL as "Seller", Countrywide Home Loans Servicing, LP ("CHLSLP") as "Master Servicer", and BNY Trustee as "Trustee and Custodian," whereby a pool of loans, including the Brothers' loan, were sold to the CWMBS 2005-R1 trust by CHL, with CHLSLP retaining servicing rights.  *See* Docket No. 6, Exhibit F.  In conjunction with the PSA, a Corporation Assignment of Deed of Trust (the "CHL/BNY Trustee Assignment") was executed by CHL, assigning the Deed of Trust from CHL to BNY Trustee.  *See* Exhibit F.  Although not initially recorded, CHL/BNY Trustee Assignment was subsequently recorded in the land records of Washington County, Mississippi at Book 2526, Page 4536.  *Id.*

On November 29, 2006, the Debtors executed a Loan Modification Agreement (the "Loan Modification"), in which the Debtors and CHL agreed to amend the terms of the original Note. *See* Exhibit G. In conjunction with the Loan Modification, the Debtors also executed an Amended and Restated Note (the "Note Amendment"), which memorialized the agreement as per the Loan Modification. *See* Exhibit H. The Note Amendment amended, supplemented and related back to the Note. *Id*.

Subsequently, CHLSLP changed its name to BAC Home Loans Servicing, LP ("BAC"), and continued to retain the servicing rights of the subject loan. On or about July 1, 2011, BANA became the successor by merger to BAC.

On December 28, 2009, a Corporation Assignment of Deed of Trust/Mortgage (the "Trustmark/BNY Trustee Assignment") was executed, assigning of record the Deed of Trust from Trustmark to BNY. *See* Exhibit I. The Trustmark/BNY Trustee Assignment was recorded in the land records of Washington County, Mississippi at Book 2524, Page 30369. *Id*.

On May 5, 2010, an Assignment of Deed of Trust (the "Realty/BNY Trustee Assignment") was executed assigning the Deed of Trust from Realty Mortgage to BNY Trustee. *See* Exhibit J. The Realty/BNY Trustee Assignment was recorded in the land records of Washington County, Mississippi at Book 2525, Page 5502. *Id*.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also, Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Evans v. City of Houston*, 246 F.3d 344, 347-48 (5th Cir. 2001). Initially,

the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. "As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim." *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996). Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505 (1986); *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Evans*, 246 F.3d at 348.

As addressed and fully briefed below, the Trustee is not entitled to partial summary judgment here as a matter of law. While the Defendants maintain that there is no real dispute as to any factual issues and that they have proven beyond question their standing, based on the facts relating to the actual chain of title, a plain reading of the Amended Complaint and that the Trustee initially filed her objection to the Defendants' Claim indicate that the Trustee may not agree with the facts regarding the chain of title of the Property and the legal standing of the Defendants. *See* BK Docket No. 64; ADV Docket No. 6. In that event, the Defendants have now shown by their exhibits to this Response that there is a genuine issue for trial, requiring that the Trustee's Motion for Partial Summary Judgment be denied.

## ARGUMENT

A.  **This Court Lacks Jurisdiction Over these Matters**

The Amended Complaint lists four "counts". *See* ADV Docket No. 6. The first "count" seeks a "Determination of Secured Status", while the second "count" seeks to "Remove Cloud from Title". *See id.* at ¶¶ 46-54. The Trustee is essentially seeking an order declaring the Deed

of Trust void. *Id*. However, this Court has no jurisdiction to decide this matter, and the Trustee lacks standing to seek such relief. For these reasons, counts one and two must be dismissed.

28 U.S.C. § 1334(b) grants bankruptcy courts limited jurisdiction over proceedings "arising under," "arising in a case under," or "related to" a case under Title 11 of the United States Code, *i.e.*, proceedings "related to" bankruptcy. *See In re Bass*, 171 F.3d 1016, 1022 (5th Cir. 1999). "To determine whether such jurisdiction exists, 'it is necessary only to determine whether a matter is at least 'related to' the bankruptcy.'" *Id*. (*quoting In re Walker*, 51 F.3d 562, 569 (5th Cir. 1995)).

The determination requested by the Trustee – namely, to declare void an otherwise valid lien held by BNY Trustee – does not "arise under" or "arise in" the Bankruptcy Code, inasmuch as the rights asserted by both parties would exist outside of Title 11. *See In re Harris*, 450 B.R. 324, § II (Bankr. D. Mass. 2011) (holding that a debtor's request to determine the validity of a mortgage debt and to identify a mortgagee does not "arise under" or "arise in" the bankruptcy code where the debtor had claimed the mortgaged property exempt); *see also In re Ostroff*, 433 B.R. 442 (Bankr. D.D.C. 2010) (no jurisdiction to adjudicate a debtor's claim of lien invalidity on exempt property). As a result, the only remaining inquiry is whether the contest identified by the Trustee falls within this Court's "related to" jurisdiction.

The Fifth Circuit has established a clear test for "related to" jurisdiction:

> A proceeding is "related to" a bankruptcy if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. More specifically, an action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and ... in any way impacts upon the handling and administration of the bankruptcy estate. This test is obviously conjunctive: For jurisdiction to attach, the anticipated outcome of the action must both (1) alter the rights, obligations, and choices of

Page 9 of 17

>action of the debtor, and (2) have an effect on the administration of the estate.

*In re Bass*, 171 F.3d at 1022. It is undisputed that the Property is exempt from the bankruptcy estate. *See* BK Docket No. 9. The object of this proceeding is, in part, to determine whether BNY Trustee has a valid, enforceable lien on the Property. If the Trustee should prevail on her theory – and she cannot - the Debtors would then take the Property free of BNY Trustee's lien, and because the Property is exempt, there would be no effect on the estate. *See In re Ostroff*, 423 B.R. 442, 448 (Bankr. D. Colo. 2010).

Although a ruling in this matter may impact the Debtors (who, notably, are not parties to this proceeding), it could not have any effect whatsoever on the bankruptcy estate; therefore, this matter does not fall within this Court's "related to" jurisdiction. *See Bass*, 171 F.3d at 1022 ("To fall within the court's jurisdiction, the plaintiffs' claims must affect the estate, not just the debtor.").

**B.     BANA's Claim Should Not Have Been Disallowed, and Its Lien Survives the Bankruptcy Case.**

Section 502(b) of the Bankruptcy Code sets forth nine grounds for disallowance of a claim. *See* 11 U.S.C. § 502(b)(1)-(9). In particular, a bankruptcy court may (1) disallow a claim if the claim is "unenforceable against the debtor ... under any agreement or applicable law," § 502(b)(1); (2) "is for unmatured interest," § 502(b)(2); (3) "is for [property tax that] exceeds the value of the [estate's] interest" in the property, § 502(b)(3); (4) "is for services of an insider or attorney of the debtor" and "exceeds the reasonable value of such services," § 502(b)(4); (5) is for unmatured debt on certain alimony and child support obligations, § 502(b)(5); (6) & (7) is for certain "damages resulting from the termination" of a lease or employment contract, §§ 502(b)(6) and (7); (8) "results from a reduction, due to late payment, in the amount of ... credit

available to the debtor in connection with an employment tax on wages, salaries, or commissions earned from the debtor," § 502(b)(8); or (9) was not timely filed, § 502(b)(9).

BANA's Claim was not disallowed under any of the grounds enumerated in § 502(b) for disallowance of a claim. *See* BK Docket No. 49. The Order Disallowing BANA's Claim expressly held that BNY "is the holder of the underlying deed of trust …" and that "[n]o evidence was offered to show that [BNY] owns or otherwise holds the underlying promissory note …" *Id*. The Court thus expressly based its decision to disallow BANA's Claim on the fact that BANA failed to offer sufficient evidence as to the owner and/or holder of the underlying promissory note. *Id*. There has been no ruling by this Court disallowing BANA's Claim for any of the reasons in § 502(b); rather, BANA's Claim was effectively disallowed for failure to provide documents and evidence as required by FED. R. BANKR. P. 3001. *See* BK Docket No. 49.

The Bankruptcy Court for the Eastern District of Texas recently addressed this situation. *See In re Davis*, 2011 WL 1302222 (Bankr. E.D. Tex. March 31, 2011). In *Davis,* the Court acknowledged that Rule 3001 does not, by itself, establish grounds for disallowance of a claim. *Id*. at *8. Rather, "Rule 3001 allocates the burden of proof with respect to a proof of claim for which an objecting party has raised an objection that would warrant disallowance under § 502(b)." *Id*. "Rule 3001 does not enlarge the Debtors' statutory reasons to disallow a claim; it merely 'defines the process by which [the claims] may be effected.'" *Id*. (*quoting In re Kirkland*, 379 B.R. 341, 332 (B.A.P. 10th Cir. 2007)). The Court went on to state that § 502(b) "mandates that the court 'shall allow' the claim, except to the extent it falls within one of nine enumerated categories of prohibited claims." *Id*.

After completing its analysis, the *Davis* Court made this critical observation: "Notably, even if the Court were to disallow an otherwise valid claim based solely on the creditor's alleged failure to comply with Bankruptcy Rule 3001, the debtor would remain obligated to repay the claim after emerging from bankruptcy." *Id.* at *9. A respected secondary source on Chapter 13 practice and procedure has made the same observation, stating "disallowance of a claim as secured due to lack of evidence of perfection of the security interest may prevent distribution on the claim as a secured claim, but it does not terminate the lien." *See* Hon. W. Homer Drake, et al., Chapter 13 Practice & Procedure, § 8:3.

That distinction is crucial in the instant case: Here, the Court's order disallowing BANA's claim expressly based its ruling on BANA's failure to provide sufficient evidence to support its claim. *See* Docket No. 49. It did not base its ruling on any of the grounds for disallowance under § 502(b). *Id.* As a result, the Defendants' lien is valid, and will survive the Bankruptcy Case. *Id.*

In her Motion for Partial Summary Judgment, the Trustee essentially relies on a single case from the Bankruptcy Court for the District of Oregon, *In re Monk*, 2011 WL 212831 (Bankr. D.Or. January 21, 2011), to support her contention that the lien of the Deed of Trust is void based solely on the fact that BANA failed to provide sufficient evidence at a prior claim objection hearing to prove standing. *See* Docket No. 52 at 8. While *Monk* does suggest that the lien of a mortgagee is void based on the fact that its claim was disallowed for its failure to provide documents and evidence to support same, that court did so in the context of a motion to dismiss filed by the mortgagee under FED. R. CIV. P. 12(b)(6). *See Monk*, 2011 WL 212831 at *1. The familiar standard for a ruling on a motion to dismiss under Rule 12(b)(6) is whether the claimant has stated a claim upon which relief can be granted, and the allegations of the complaint

are largely taken as true. *See* FED. R. CIV. P. 12(b)(6). Thus, the ruling in *Monk* is subject to subsequent factual findings and determinations in that litigation. Neither did the parties or the Court have the benefit of the ruling in *Davis*, which was decided after *Monk*, and additionally, a review of the docket and pleadings indicates that the Defendants' arguments concerning Rule 502(b) raised in this section were not brought to the *Monk* court's attention. *See Lester Gregory Monk, et al. v. LSI Title Company of Oregon, LLC*, U.S. Bankruptcy Court, D. Oregon, Adv. No. – 10-06067-fra, Docket Nos. 34, 35 & 44. The parties in *Monk* have a discovery deadline of November 29, 2011 and a dispositive motion deadline of January 12, 2012, and there is still opportunity for the parties to bring these arguments and authority to the attention of that court. Finally, a ruling from a bankruptcy court in Oregon should carry less weight and authority than the more recent (and well-reasoned) decision in the *Davis* decision from the Eastern District of Texas, a court within this circuit.

**C. BANA has Standing as Loan Servicer, and BNY Trustee is a Proper Secured Creditor.**

As established by the "Chain of Title" section above, BNY Trustee holds record title to both the Note and Deed of Trust. The August 31 Order found that BNY Trustee was the record holder of the Deed of Trust, and only the issue of the holder of the Note was questioned by the Court in that Order. That issue has now been conclusively resolved in favor of the Defendants (or will be at trial with the display of the original Note) since the original Note has been properly indorsed to CHL, and indorsed by it in blank. Not only is BNY Trustee unquestionably the record holder of the Note and Deed of Trust, every entity in the chain of title has now executed an assignment in favor of BNY Trustee. *See* Exhibits F, I, J. There can be no dispute whatsoever as to BNY Trustee's status as the holder of record title.

As discussed above, the Court, in its August 31 Order disallowing BANA's Second Proof of Claim, expressly held that BNY (as Trustee) "is the holder of the underlying deed of trust… ." *See* BK Docket No. 49. While the Court determined that insufficient evidence had been provided to it as to ownership of the Note, the Court had no hesitance to find that BNY Trustee was the holder of the Deed of Trust. And now, the Defendants have provided the Trustee and this Court with all evidence and documents sufficient to prove BNY Trustee's status as the holder of the Note, including a copy of the Note with all relevant indorsements. *See* Exhibit A.

Further, BNY Trustee will demonstrate at a trial of this matter that it has the original Note, indorsed in blank, in its possession. *See id*. BNY Trustee is prepared to exhibit the original Note to counsel for the Trustee and to the Court at the appropriate time. The original Note contains indorsements from Realty Mortgage to Trustmark, from Trustmark to CHL, and a blank indorsement from CHL. *See id*.

Pursuant to MISS. CODE ANN. § 75-3-205(b), the Note is "payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." As a result, under Mississippi law, the Note is a "negotiable instrument to which the title passes by a delivery of the [Note][,]" and the "holder is prima facie presumed to be the bona fide owner of it." *See Sivley v. Williamson*, 72 So. 1008, 1008 (Miss. 1916). As the current physical holder and bearer of the actual original Note, BNY Trustee, and BANA as its loan servicer of the Brothers loan under the PSA, are entitled to enforce same. *See id*.

Moreover, the Debtors have both testified that they owe the debt to the Defendants, and that the debt has not been paid. They further testified that it was their understanding that the Defendants were being paid through the bankruptcy plan.[1]

---

[1] Counsel for the Defendants took the depositions of the Debtors on May 26, 2011. Despite numerous requests made by counsel for the Defendants, the court reporter has failed to provide a transcript.

The Defendants have provided more than enough evidence and proof that BNY Trustee holds a valid and enforceable lien on the Property. Under Mississippi law, "a plaintiff must submit sufficient proof to the court in order to find that a defendant mortgagee released its right to a mortgage lien on a house." *See In re Whitefoot*, 306 B.R. 563, 569 (Bankr. N.D. Miss. 2004). "A court of equity will keep an encumbrance alive, or consider it extinguished, as will best serve the purpose of justice, and the actual and just intention of the parties. It must at all events, be an innocent purpose, and injurious to no one." *Id.* "A party having a specific legal lien upon property cannot be divested of it, except by some distinct act of his own, amounting to a waiver or absolute abandonment of it. The defense of waiver or abandonment should be made out and established by 'full, clear and positive testimony.'" *Id.* "The rights of a mortgagee in his lien cannot be divested legally but in one of two ways: either by reconveyance by the mortgagee or by the absolute payment of the mortgage money." *Id*. To declare BNY Trustee's lien void based on a failure to provide sufficient evidence at a hearing on a claim objection would go against the principles of equity and justice under Mississippi law.

## **CONCLUSION**

The Trustee's Motion for Partial Summary Judgment seeking an order as to the validity of BNY Trustee's lien on the Property must be dismissed. A determination that the Deed of Trust is invalid and constitutes a cloud on the title to Property has no effect or impact on the bankruptcy estate, and, accordingly, this Court lacks jurisdiction over this matter. Additionally, BNY Trustee has a valid and enforceable lien on the Property as shown by the exhibits to this Response and as will be shown at the trial of this matter. While it is undisputed that the Second Proof of Claim was disallowed for failure to offer the proper documentation at a hearing in the Bankruptcy Case on a claim objection, that disallowance ultimately has no impact or effect on

that lien.  Finally, the Defendants have provided uncontroverted evidence to support the validity of the lien of the Deed of Trust on the Property.  To void such a valid lien would violate the basic principles of equity and justice under Mississippi law.  For these reasons, the Trustee's Motion for Partial Summary Judgment must be denied.

    THIS, the 22nd day of August, 2011.

        Respectfully submitted,

        BANK OF AMERICA, N.A., as Successor by Merger to BAC HOME LOANS SERVICING, LP and THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.

        By:   s/ H. Hunter Twiford, III
            H. Hunter Twiford, III
            One of Their Attorneys

**OF COUNSEL**:

H. Hunter Twiford, III (MSB #8162)
Stephen T. Masley (MSB #101870)
**McGLINCHEY STAFFORD PLLC**
Suite 1100, City Centre South
200 South Lamar Street (Zip - 39201)
Post Office Box 22949
Jackson, Mississippi  39225-2949
Telephone:  (601) 960-8400
Facsimile:  (601) 960-8431
Email: htwiford@mcglinchey.com; smasley@mcglinchey.com

## **CERTIFICATE OF SERVICE**

I, the undersigned H. Hunter Twiford, III, McGlinchey Stafford PLLC, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

Locke D. Barkley    sbeasley@barkley13.com

W. Jeffrey Collier    jcollier@barkley13.com, ssmith@barkley13.com

William Lawrence Deas   lawrence@deaslawfirm.com, helia@deaslawfirm.com

Jim F. Spencer    jspencer@watkinseager.com, mryan@watkinseager.com

U. S. Trustee    USTPRegion05.AB.ECF@usdoj.gov

and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

NONE

THIS, the 22nd day of August, 2011.

s/ H. Hunter Twiford, III
H. HUNTER TWIFORD, III

260180.8