IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI

IN THE MATTER OF:                                                         CHAPTER 13 CASE NO.

SAMUEL M. BROTHERS and LORA BROTHERS                      10-10518-NPO


LOCKE D. BARKLEY, Chapter 13 Trustee                                  PLAINTIFF

VS.                                                                                   A. P. NO. 11-1006-NPO

TRUSTMARK NATIONAL BANK;
BAC HOME LOANS SERVICING, L.P.,
Individually and as Servicer for THE BANK
OF NEW YORK MELLON TRUST COMPANY, N.A.,
AS TRUSTEE FOR CERTIFICATEHOLDERS
OF CWMBS 2005-R1;  THE BANK OF NEW YORK MELLON
TRUST COMPANY, N.A., individually and as Trustee for
CERTIFICATEHOLDERS OF CWMBS 2005-R1;
and UNKNOWN DEFENDANTS 1 through 10.                          DEFENDANTS

**REPLY MEMORANDUM BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff, Locke D. Barkley, chapter 13 trustee, respectfully submits this memorandum brief in reply to *Defendants' Response in Opposition to Motion for Partial Summary Judgment*, and reaffirms her request for partial summary judgment as to Count I of the Amended Complaint.

## I. INTRODUCTION

A single issue was presented to this Court for partial summary judgment-- the determination of the secured status of Defendants. In her motion, Plaintiff identified a discrete set of undisputed facts relevant to this particular claim and asks the Court to apply the law, specifically §506 of the Bankruptcy Code, to said facts. Defendants' response ignores the relative simplicity of the question presented, and instead engages

1

in a long and misplaced reiteration of the procedural history of this matter and a recitation of the chain of title. Notably for the purposes of this reply, Defendants do not "list any material facts recited by the movant about which the respondent contends there is a genuine issue of fact ….", thereby leaving Plaintiff's factual statement unopposed and undisputed. *See* Miss. Bankr. L. R. 7056-1(1)(B)(i). As no germane factual disputes exist, Plaintiff replies as follows to the legal arguments contained in Defendants' Opposition.

## ARGUMENT

Defendants make three fundamental arguments in their Opposition: (1) the Court lacks jurisdiction to decide Plaintiff's motion; (2) BANA's claim should not have been disallowed, and its lien survives the bankruptcy case, and (3) BANA has standing as loan servicer, and BNY trustee is a proper secured creditor. None of these arguments have merit, for the reasons that follow:

**I.    Plaintiff's Claim Arises in and is Related to the Underlying Bankruptcy Case.**

Defendants argue that the limited jurisdiction of the bankruptcy court, as set forth in 28 U.S.C. § 1334(b), does not extend to the Plaintiff's claim to determine the secured status of Defendants because the claim does not "arise under," "arise in a case under," or "relate to" a case filed pursuant to Title 11 of the United States Code. The Plaintiff disagrees and would assert that the claim presented both "arises in" and is "related to" the bankruptcy case.

Plaintiff's claim "arises in" the underlying case as it is provided for in 11 U.S.C. § 506(d). If a secured claim is disallowed the lien is void. *See* 11 U.S.C. § 506(d). Rule

7001 of the Federal Rules of Bankruptcy Procedure mandates that certain issues within a bankruptcy case must be resolved through an adversary proceeding, including determinations of "the validity, priority or extent of a lien or other interest in property." Fed. R. Bankr. P. 7001. Plaintiff's claim raises precisely these issues, and falls squarely within the Court's "arising in" jurisdictional grant.

An action is "related to" the bankruptcy case if the outcome of that action could alter the rights, liabilities, options, or freedom of action of the debtor and which impacts, in any way, upon the administration or handling of the bankruptcy estate. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 115 S.Ct. 1493 (1995). The claim asserted by the Plaintiff is clearly related to the underlying bankruptcy case. If the lien is declared to be void, as mandated by section 506(d), it will alter the liabilities of the debtors and thereby affect the administration of the bankruptcy estate. Pursuant to the confirmation order, the property of the estate, including the debtors' residence, remains vested in the trustee until discharge, dismissal, or conversion. Defendants' argument that the determination of the nature, extent and validity of a lien against such property is, therefore, both illogical and contrary to the plain language of the Bankruptcy Code. There is no "exemption" issue which is implicated under these circumstances, nor is there any real jurisdictional question. Plaintiff's claim involves estate property, is premised entirely on the provisions of the Bankruptcy Code, and has been brought in the only place it could properly be decided—this Court.

II. **The Court's Ruling on Defendants' Standing is *Res Judicata*, and Defendants are Estopped from Re-Litigating Those Issues in this Adversary Proceeding.**

It is undisputed that the Court held an evidentiary hearing on the trustee's *Amended Objection to Proof of Claim*, in which Plaintiff alleged that the Defendants lacked standing as secured creditors (i.e. they were not a secured creditor of debtor for purposes of this bankruptcy) and that the proof of claim filed by Defendants improperly attempted to collect the same pre-petition escrow amounts twice. The objection was not filed based upon non-compliance with Fed. R. Bankr. P. 3001.

Following a hearing on the merits, the Court sustained the trustee's objection and held that the Defendants were not secured creditors of the debtors. The order entered by the Court carries with it the *res judicata* effect afforded prior decisions of courts involving the same parties.

The test for determining when the doctrine of *res judicata,* or claim preclusion, applies is well-established and the doctrine and its application has been clearly and consistently applied.  *See Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir. 1983)(*en banc)*; *Ries v. Paige*, 610 F.3d 865 (5th Cir. 2010). Of particular relevance to the instant case, the Fifth Circuit discussed the application of the doctrine in the context of contested bankruptcy proceedings in *In re Interlogic Trace*, 200 F.3d 382 (5th Cir. 2000), holding that "For a prior judgment to bar an action on the basis of *res judicata*, the parties much be identical in both suits, the prior judgment must have been rendered by a court of competent jurisdiction, there must have been a final judgment on the merits and the same cause of action must be involved in both cases." *Id.* at 386.

All four of the prongs are met here:  (1) the parties are identical; (2) the order disallowing the proof of claim was rendered by a court of competent jurisdiction; (3)

4

there was a final judgment on the merits of trustee's objection; and (4) the Defendants raise the same cause of action now as was presented then, namely, whether they are secured creditors in the debtors' bankruptcy case. Accordingly, Defendants are barred from attempting to re-litigate issues which were or could have been raised in the prior contested proceeding. *See In re Baudoin,* 981 F.2d 736, 744 (5th Cir. 1993)(*res judicata* barred lender liability claims based on loans deemed allowed claims without objection); *Eubanks v. FDIC,* 977 F.2d 166, 174 (5th Cir. 1992)(barring lender liability action which could have been brought as objection to lender's claim). There is no question that the precise issue Defendants' raise in their Opposition was litigated to a final judgment through the claims objection process. It is hornbook law that they may not now take a second bite at the apple. Defendants' are barred from re-litigating the issue of their standing as secured creditors, and their arguments on this point should be disregarded.

### III.  Defendants Did Not Appeal the Court's Ruling on Standing.

The Court's docket is clear as to the post-hearing actions of the Defendants, and Defendants did not perfect a timely appeal of Judge Olack's ruling that they lack standing. While a motion for reconsideration was initially filed by Defendants, it was withdrawn. It is too late now for the Defendants to regroup, create and execute assignments to plug the holes in their chain of title and re-litigate the issues presented at the objection to proof of claim hearing.

### IV.  Defendants misinterpret §502(b).

Defendants reading and understanding of 11 U.S.C. § 502(b) is incorrect. Section 502(b) states: "Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section,

5

if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that – (1) such claim is unenforceable against the debtor *and property of the debtor*, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured ….." 11 U.S.C. § 502(b)(1) (emphasis added) [1].

As noted by Judge Olack in his order, The Bank of New York Mellon Company, N.A. ("BONY") held the deed of trust but was not the owner of the promissory note. Therefore, the Defendants do not have a claim which is enforceable against the debtor *and property of the debtor*. At best BONY has a deed of trust but is not owed a monetary obligation. Some entity other than BONY may hold a promissory note but has no security to look to in the event of default.

Although, the re-litigation of the objection is barred by *res judicata*, the Defendants' Opposition offers analysis of *In re Davis*, 2011 WL 1302222 (Bankr. E.D. Tex. March 31, 2011) in a discussion of Rule 3001 and § 502(b). In *Davis* the objection at issue was based upon the sufficiency of the documents attached to the proof of claim pursuant to Rule 3001. *Id.*, at *6. In relation to this proceeding, the Defendants' reliance upon *Davis* is misplaced. The trustee's objection to proof of claim was not based upon procedural deficiencies related to Rule 3001, neither was the Court's ruling premised upon such. Disallowance of the claim was proper.

---

[1] Interestingly, the Defendants omitted the italicized language, "and property of the debtor," from its quotation of § 502(b)(1). *See* Defendant's Memorandum, page 10.

## III. CONCLUSION

Defendants' Opposition raises no disputed issue of material fact bearing on the claim addressed in Plaintiff's motion. Nor have Defendants presented any colorable argument as to why the plain language of Bankruptcy Code §506(d) should not control the Court's decision in this instance.

Based upon the foregoing and the arguments presented in the Plaintiff's memorandum supporting the motion for partial summary judgment, Plaintiff is entitled to judgment as a matter of law that Defendants lien against debtors' property is void.

Dated: August 29, 2011

                Respectfully submitted,

                /s/ W. Jeffrey Collier
                ATTORNEY FOR TRUSTEE
                W. Jeffrey Collier (MSB 10645)
                Post Office Box 55829
                Jackson, Miss.  39296
                (601) 355-6661
                ssmith@barkley13.com

                and

                W. Lawrence Deas, Esq.
                Deas & Deas, LLC
                219 North Church Street
                Post Office Box 7282
                Tupelo, MS  38804
                Telephone: (662) 842-4546

## **CERTIFICATE OF SERVICE**

      I, W. Jeffrey Collier, Attorney for Trustee, do hereby certify that I have served the foregoing document by United States Postal Service, first class, postage prepaid and electronic mail, to the following attorneys of record and/or parties of interest:

H. Hunter Twiford, III, Esq.
Stephen T. Masley, Esq.
McGlinchey Stafford, PLLC
Post Office Box 22949
Jackson, Mississippi  39225-2949
htwiford@mglinchey.com
smasley@mcglinchey.com


      Dated:  August 29, 2011

                                            /s/ W. Jeffrey Collier
                                            W. JEFFREY COLLIER