IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN THE MATTER OF: | CHAPTER 13 CASE NO. |
| SAMUEL M. BROTHERS and LORA BROTHERS | 10-10518-NPO |
| DEBTORS | |

---

| | |
|---|---|
| LOCKE D. BARKLEY, Chapter 13 Trustee | PLAINTIFF |
| vs. | A.P. No. 11-01006-DWH |
| TRUSTMARK NATIONAL BANK; BAC HOME LOANS SERVICING, L.P., Individually and as Servicer for THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE FOR CERTIFICATEHOLDERS OF CWMBS 2005-R1; THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., individually and as Trustee for CERTIFICATEHOLDERS OF CWMBS 2005-R1; and UNKNOWN DEFENDANTS 1 through 10 | DEFENDANTS |

ORDER GRANTING DEFENDANTS'
MOTION TO RECONSIDER DISALLOWANCE OF PROOF OF CLAIM
IN BANKRUPTCY PROCEEDING AND DENYING
TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT
<u>IN ADVERSARY PROCEEDING</u>

THIS CAUSE having come on for hearing on Friday, December 21, 2012, held pursuant to notice, at which time the Court heard testimony, evidence and arguments on the *Motion to Reconsider Disallowance of Proof of Claim* [BK Dkt. # 66] filed on March 23, 2012 (the "Motion to Reconsider") by Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP ("BANA"), as servicer for The Bank of New York Mellon Trust Company, N.A., as Trustee for Certificateholders of CWMBS 2005-R1 ("BNY Trustee"), and The Bank of New York Mellon Trust Company, N.A. ("BNY") (all, collectively, the "Defendants"), seeking this

Court's reconsideration of that certain *Order Re: Objection to Claim of Bank of America (Dkt. # 20)* [BK Dkt. # 49] dated August 31, 2010 (the "August 31 Order Disallowing Claim"), disallowing the claim [Claim # 9-1] (the "Claim") filed April 5, 2010 by BANA, acting as the servicer for BNY Trustee, on the debt evidenced by the purchase money promissory note (the "Promissory Note") dated October 31, 2000 executed by the Debtors, Samuel M. Brothers and Lora Brothers (the "Debtors"), secured by that certain deed of trust (the "Deed of Trust") dated October 31, 2000 also executed by the Debtors, as recorded in the land records of Washington County, Mississippi, in Book 2155 at Page 199. The Court, having considered the Motion to Reconsider, the Defendants' *Memorandum in Support of Motion to Reconsider Disallowance of Proof of Claim* [BK Dkt. # 67], the *Response to Motion to Reconsider Disallowance of Proof of Claim (Dkt. # 66)* [BK Dkt. #80] filed on August 20, 2012 by Locke D. Barkley, the Chapter 13 Trustee (the "Trustee"), the *Memorandum Brief in Support of Trustee's Response to Motion to Reconsider Disallowance of Proof of Claim (Dkt. # 66)* [BK Dkt. # 87] filed by the Trustee on December 3, 2012, and the *Reply Brief in Support of Motion to Reconsider Disallowance of Proof of Claim* [BK Dkt. # 90] filed by the Defendants on December 18, 2012, and being fully advised in the premises, and being of the opinion that the relief sought in the Motion to Reconsider is well taken and should be granted, and having further considered the *Plaintiff's Motion for Partial Summary Judgment* [AP Dkt. # 51] filed on July 31, 2011 (the "Motion for Partial Summary Judgment") by the Trustee, as Plaintiff in the above styled and numbered Adversary Proceeding (the "Adversary Proceeding"), the *Memorandum Brief in Support of Plaintiff's Motion for Partial Summary Judgment* [AP Dkt. # 52] filed by the Trustee on August 1, 2011, the *Defendants' Response in Opposition to Motion for Partial Summary Judgment* [AP Dkt. # 54] ("Summary Judgment Response") and *Defendants' Memorandum in Support of Response in Opposition to Motion for Partial Summary Judgment* [AP Dkt. # 55]

("Memorandum in Support of Summary Judgment Response"), both filed by the Defendants on August 22, 2011, and the *Reply Memorandum Brief in Support of Plaintiff's Motion for Partial Summary Judgment* [AP Dkt. # 56] ("Reply Brief") filed by the Trustee on August 29, 2012, and further being of the opinion that the Motion for Partial Summary Judgment is not well taken and should be denied for the reasons set forth herein, the Court hereby finds, orders, and adjudicates as follows:

1. On February 3, 2010, the Debtors filed their Chapter 13 Voluntary Petition [BK Dkt. # 1]. On February 15, 2010, the Debtors filed their sworn bankruptcy schedules, *see* BK Dkt. # 9, in which they listed "BAC Home Loans Servici" as a secured creditor, holding a first mortgage lien on the Debtors' residential real property located at 668 West McCorkle Circle, Greenville, MS 38703, described as Lot 18 of Block 3 of the McCorkle Addition to the City of Greenville, Washington County, Mississippi (the "Property"). The Debtors filed their proposed Chapter 13 Plan [BK Dkt. # 12] (the "Plan") the same day, listing "Bank of America" as the secured mortgage creditor on the Property. The Plan was confirmed by the *Order Confirming the Debtor's Plan, Awarding a Fee to the Debtor's Attorney and Related Orders*, entered on April 20, 2010 [BK Dkt. # 22].

2. On April 5, 2010, BANA, acting as the servicer for BNY Trustee, filed the Proof of Claim in this Bankruptcy Case. On June 30, 2010, the Trustee filed her *Amended Trustee's Objection to Proof of Claim (Clm. # 9)* [BK Dkt. # 31] (the "Trustee's Objection"), alleging, *inter alia*, that BANA did not have standing to file the Proof of Claim. On August 2, 2010, BANA filed its Amended Proof of Claim [Claim # 9-2].

3. Following a hearing on the Trustee's Objection on August 18, 2010, United States Bankruptcy Judge Neil P. Olack[1] entered the August 31 Order Disallowing Claim, based expressly on the Defendants' failure to offer evidence at the hearing to prove the identity of the current holder of the Promissory Note executed by the Debtors on which the Proof of Claim was based and finding that CWMBS 2005-R1 was thus not a creditor of the Debtors, even though he expressly found that BNY Trustee was the holder of the underlying Deed of Trust executed by the Debtors on October 31, 2000.

4. BANA, through its prior counsel, then filed a *Motion to Reconsider or in the Alternative Motion to Allow Late Claim* [BK Dkt. # 48] on August 27, 2010. The Trustee filed the *Trustee's Response to Motion to Reconsider or in the Alternative, Motion to Allow Late Claim (Dkt. #48)* [BK Dkt. # 53] on September 8, 2010, and her *Memorandum Brief in Support of Trustee's Response to Motion to Reconsider or, in the Alternative, Motion to Allow Late Claim* [BK Dkt. # 54] on September 16, 2010. On September 17, 2010, the Court entered an *Order Withdrawing Motion to Reconsider or in the Alternative Motion to Allow Late Claim* [BK Dkt. # 56]. This Order was responsive to and dispositive of the Defendants' request to withdraw.

5. On January 7, 2011, the Trustee filed the *Complaint to Determine Secured Status, Remove Cloud from Title, Sanctions, and Other Relief* [AP Dkt. # 1] (the "Adversary Complaint") instituting the Adversary Proceeding, followed by the *Amended Complaint to Determine Secured Status, Remove Cloud from Title, Sanctions, and Other Relief* [AP Dkt. # 6] on January 16, 2011 (the "Amended Complaint"). In the Adversary Proceeding the Trustee asked the Court to find and determine that: pursuant to 11 U.S.C. § 506(d), the lien of the Deed

---

[1] This bankruptcy case was initially assigned to Judge Olack, who handled the case through the initial hearing which resulted in the August 31 Order, and the early stages of the Adversary Proceeding filed by the Trustee. Judge Olack subsequently entered his Order of Reassignment [AP Dkt. # 39] on June 15, 2011, transferring the case to the undersigned, and his Order [BK Dkt. # 82] on September 27, 2012, reassigning the Motion to Reconsider to the undersigned.

of Trust encumbering the Property, as ultimately assigned to BNY Trustee, was void and/or satisfied of record; the Claim be deemed unsecured; the Deed of Trust is a cloud upon the title of Debtors and be stricken from the Washington County land records; the Defendants' actions constituted a prior and continuing violation of the automatic stay, entitling the Trustee to actual and punitive damages and costs, including reasonable attorney's fees; and the Defendants' actions (filing certain assignments of the Deed of Trust post-petition) constituted a fraud on the Court, entitling the Trustee to relief under 11 U.S.C. § 105. The Defendants timely filed their separate *Answers and Affirmative Defenses to Plaintiff's Amended Adversary Complaint* [AP Dkt. #11 and AP Dkt. #12, respectively] on February 17, 2011.

6. Following discovery and the dismissal of certain defendants other than BANA and BNY, the Trustee filed the Motion for Partial Summary Judgment on July 31, 2011 and the Memorandum Brief in Support of Motion for Partial Summary Judgment on August 1, 2011. The Defendants filed their Summary Judgment Response and Memorandum in Support of Summary Judgment Response on August 22, 2011. The Defendants also attached a number of exhibits to the Summary Judgment Response, including multiple assignments, a Loan Modification Agreement, dated November 29, 2006, executed by the Debtors, an Amended and Restated Note, dated as of October 31, 2000, likewise executed by the Debtors, and related exhibits, including a copy of the original Promissory Note indorsed in blank. The aforesaid pleadings and these exhibits could likely be considered as an informal motion for reconsideration. The Trustee filed her Reply Brief on August 29, 2012.

7. A hearing on the Motion to Reconsider was held on December 21, 2012, at which time the Court heard and received evidence and testimony. The Court also heard oral arguments from the Defendants and the Trustee. Neither the Debtors nor their bankruptcy counsel were present at the hearing on the Motion to Reconsider, although the Debtors' deposition testimony

was introduced and received in evidence. Additionally, the Debtors have not filed any response to the Motion to Reconsider in the bankruptcy proceeding or any pleadings whatsoever, including any response to the Amended Complaint or the Motion for Partial Summary Judgment in the Adversary Proceeding.

8. Among the evidence introduced at the December 21, 2012 hearing was the Promissory Note and the Deed of Trust. BANA, as servicer for BNY Trustee, is in possession of the original Promissory Note properly indorsed, including an indorsement in blank by Countrywide Home Loans, Inc., predecessor to BANA, and exhibited the original Promissory Note to the Court and counsel for the Trustee at the hearing. The Court received and admitted a copy of the original Promissory Note into evidence, substituted for the original. The Defendants also introduced into evidence certified copies of the Deed of Trust and various assignments, an examination of which indicates that BNY Trustee is the ultimate assignee and current holder of the Deed of Trust. The Court hereby finds and determines that BANA, as the servicer for BNY Trustee, is the holder of the original Promissory Note indorsed in blank, and thus has standing to file and maintain the Claim on behalf of BNY Trustee.

9. The Trustee challenges the Motion to Reconsider primarily on the question of timing, arguing that the passage of approximately 18 months between the entry of the August 31 Order Disallowing Claim and the filing of the Motion to Reconsider bars the Court from granting it. The Court finds and determines that Federal Rule of Civil Procedure 60(b) is applicable to the Motion for Reconsideration. The Court acknowledges that generally, courts have generally imposed a one year statute of limitations on motions for reconsideration filed under subparts (1) through (5) of Rule 60(b) and a requirement to file "within a reasonable time" under subpart (6).

10. Section 502(j) of the Bankruptcy Code provides "[a] claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or

6

disallowed according to the equities of the case." Similarly, Federal Rule of Bankruptcy Procedure 3008 provides "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate."

11. The Trustee relies upon *In re Morningstar*, 433 B.R. 714 (Bankr. N.D. Ind. 2010) for the premise that reconsideration of a claim disallowed for lack of documentation is considered to be newly discovered evidence under Rule 60(b)(2), and is thus, subject to a one year limitation period. The Court has carefully considered *Morningstar*, and respectfully disagrees with its holding. Here, all parties have acknowledged the existence of the Promissory Note. The original Promissory Note was unavailable at the August 18, 2010 hearing on the Trustee's Objection, and Judge Olack did not have the benefit of being able to examine it. The original Promissory Note, indorsed in blank, is now available and has been exhibited to the Court and counsel for the Trustee at the hearing. Since the original Promissory Note was always in existence, as recognized by all parties, this proceeding does not involve exclusively newly discovered evidence under Rule 60(b)(2); rather, under the circumstances Rule 60(b)(6), which reads in relevant part, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . . (6) any other reason that justifies relief", should be applied to the Motion to Reconsider.

12. The Court hereby finds and determines that reconsideration of the August 31 Order Disallowing Claim under Rule 60(b)(6) is substantially justified for multiple reasons. There is no question that the debt exists. All parties have acknowledged that fact. The Debtors listed the debt in their Plan, and testified in deposition that they owed the debt and were making payments on it. Even the Trustee herself acknowledges that disallowing the Claim and in effect, giving the Debtors a "free house," would produce an unjust result. The Court agrees that such a result would be unjust and inequitable, and would unduly penalize the Defendants. A

bankruptcy court has "broad discretion" to reconsider the allowance or disallowance of a proof of claim "for cause," and to apply Section 502(j). *See, e.g., Colley*; *Universal Service Administration Company v. PT-1 Communications Inc.*, 437 B.R. 766, 774 (E.D. N.Y. 2010) (recognizing that federal courts have broad authority to relieve a party from a final judgment upon such terms as are just). The Court is persuaded by the reasoning in *Universal Service*.

13. This Court will not permit an unjust result, which would occur by disallowance of the Claim and cancellation of the lien of the Deed of Trust from the land records, as the Trustee has requested in the Adversary Complaint. Accordingly, the Court grants the Motion to Reconsider, reconsiders the August 31 Order Disallowing Claim, and hereby allows the Proof of Claim filed by BANA, as servicer for BNY Trustee, subject to the conditions set forth below.

14. The Court further recognizes that the Trustee's Objection and the Adversary Proceeding were both initiated and prosecuted by the Trustee, not by the Debtors, and that the Debtors should not be penalized for either the actions of the Trustee or the delay by the Defendants in filing the Motion to Reconsider and bringing it to conclusion. Accordingly, the Court hereby directs that the Motion to Reconsider is conditionally granted, upon the specific condition that the Court will order that the Defendants suspend the accrual of interest from the date of the Trustee's Objection, June 30, 2010, through the date the Court announced this ruling, January 7, 2013. This interest shall not be collectible from the Debtors, but shall be effectively forgiven and discharged. The Defendants' Claim against the Debtors will thus consist of the unpaid principal balance as of the date the Proof of Claim was filed, plus the arrearage, fees and costs shown on the Proof of Claim, as amended, plus all escrow advances for taxes, hazard insurance and mortgage insurance made by BANA as servicer for BNY Trustee during the bankruptcy and presently unpaid ("Post-Petition Escrow Advances"). If there is an objection filed by the Debtors or the Trustee to these Post-Petition Escrow Advances, the Court shall

subsequently determine their allowability. Other than the allowed Post-Petition Escrow Advances, the Defendants' Claim shall be paid as if there had been no interruption in the Debtors' plan, only a suspension of same during which no interest was permitted to accrue from June 30, 2010 through January 7, 2013. This interest accrual shall not be collectible by any holder of the Promissory Note and shall be considered discharged by this Order. The Court believes that this will, in effect, treat both the Debtors and the Defendants fairly, and allow the Debtors to amend their Plan and make payments which will permit them to keep the Property.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Reconsider [AP Dkt. # 66] is hereby granted, and the Claim is allowed, in accordance with the provisions hereof. BANA, as servicer for BNY Trustee, may, at its option, file an amended Proof of Claim in accordance with the provisions hereof.

IT IS FURTHER ORDERED AND ADJUDGED that the Trustee's Motion for Partial Summary Judgment [AP Dkt. # 51] and the relief sought therein is hereby denied, and the lien of the Deed of Trust shall remain as it currently exists in the land records of Washington County, Mississippi. The parties are instructed to confer to determine whether there are any remaining claims in the Adversary Proceeding not otherwise effectively disposed of by this ruling, and to report any remaining claims to the Court within a reasonable time from the date hereof.

IT IS FURTHER ORDERED AND ADJUDGED that each party shall bear their own attorneys' fees and expenses, and costs shall be taxed as paid.

SO ORDERED AND ADJUDGED on this, the 14th day of January 2013.

UNITED STATES BANKRUPTCY JUDGE